**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANIKHA ISAACS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TENAGLIA & HUNT, P.A.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff JANIKHA ISAACS (hereinafter “Plaintiff”), on behalf of herself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant TENAGLIA & HUNT, P.A., (hereinafter collectively “Defendant"), their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant’s violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter “FDCPA”), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**JURY DEMAND**

5. Plaintiff demands a jury trial on all issues.

**PARTIES**

6. The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the city of Hamilton, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant TENAGLIA & HUNT, P.A ("T&H"), is a law firm engaged in the business of collecting debts in this state with its principal place of business located at 395 West Passaic Street, Suite 205, Rochelle Park, NJ 07662. The principal purpose of

T&H is the collection of debts in this state and T&H regularly attempts to collect debts alleged to be due another.

9. Based upon information and belief, Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

12. This Action is properly maintained as a class action, with the classes defined as follows.

Class 1

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff was represented by TENAGLIA & HUNT, P.A and which the lawsuit was filed in a county in which the individual did not sign the contract sued upon or the lawsuit was filed in a county in which the consumer did not reside in at the commencement of the lawsuit.

Class 2

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff(s) in those lawsuits were represented by Defendant TENAGLIA & HUNT, P.A, and the individuals were sued on a time-barred debt.

<u>Class 3</u>

- During the class period, all individuals who were sued in any New Jersey state court in which the plaintiff was represented by TENAGLIA & HUNT, P.A and the individuals were sued for amounts in excess of what was owed.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendants violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the Courts, the United States Postal Service, telephone and/or the Internet.

15. Defendant is a “debt collector” as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to November 16, 2018, Plaintiff allegedly incurred a financial obligation to Wells Fargo Bank, N.A. (“Wells Fargo”) related to a credit card account (“the Debt”).

17. Also, as some time prior to November 16, 2018, Plaintiff failed to make timely payments on the Debt and the Debt went into default.

18. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

19. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Wells Fargo is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. After the Debt was defaulted upon, Wells Fargo, directly or through

intermediate transactions assigned, placed or transferred its entire interest in the Debt to Defendant T&H for purposes of collection.

22. On November 16, 2018, Defendant, on behalf of Wells Fargo filed a lawsuit against Plaintiff in a collection case entitled Wells Fargo Bank, N.A. v. Isaacs, Mid-L-7551-18 ("the First State Court Action") in Middlesex County in the New Jersey Superior Court of New Jersey, Law Division, to recover $16,361.11, plus costs, related to the Debt.

23. On June 1, 2019, the First State Court Action was dismissed by the Court for lack of prosecution.

24. On January 11, 2024, nearly six years after Defendant filed the First State Court Collection Action against Plaintiff, Defendant, on behalf of Wells Fargo filed a second lawsuit against Plaintiff in a collection case entitled Wells Fargo Bank, N.A. v. Isaacs, Mid-DC-000604-24 ("the Second State Court Action") in Middlesex County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part to recover $16,361.11, plus costs, related to the Debt.

25. At the time that the Second State Court Action was filed, Plaintiff was a resident of Mercer County and not Middlesex County, New Jersey.

26. Furthermore, Plaintiff never signed a contract for the Debt giving rise to the Debt in Middlesex County, New Jersey.

27. Plaintiff was subsequently served by Defendant with a copy of the summons and complaint in the State Court Collection Action.

28. In response to the filing of the State Court Action, Plaintiff hired counsel to defend her in the Second State Court Action.

29. On February 25, 2024, Plaintiff filed an Answer in the State Court Collection Action and simultaneously served written discovery to be answered by Defendant.

30. The Court scheduled a trial in the Second State Court Action for April 15, 2024.

31. However, the April 15, 2024 trial date was adjourned for incomplete discovery until May 20, 2024.

32. On May 7, 2024, Defendant requested that the May 20, 2024 trial be adjourned. However, the adjournment request was denied by the Court.

33. On May 16, 2024, Defendant filed a second request to adjourn the May 20, 2024 trial date, but this adjournment request was also denied because Defendant failed to establish exceptional circumstances.

34. On May 20, 2024, counsel for the parties showed up for trial and a trial took place.

35. However, Defendant failed to bring a witness to testify on behalf of Wells Fargo.

36. Defendant willfully proceeded to trial on the matter, even though Defendant knew it did not have a witness to prove its case

37. Furthermore, Defendant falsely attempted to introduce documents into evidence without any type of authentication or foundation.

38. However, the Court deemed the documents inadmissible.

39. Based upon Defendant' inability to prove its case at trial, the Court then dismissed the case. However, the docket entry incorrectly reflected that the case was

dismissed without prejudice.

40. On May 24, 2024, Defendant filed a Motion to Vacate the Dismissal and reinstate the Second State Court Action. In its Certification in support of the motion Defendant made material misrepresentations, including that the case had been dismissed without prejudice.

41. Further, there was no legal basis for Defendant to file a Motion to Reinstate the Case, and the motion was frivolous. In the Motion, Defendant falsely stated that the case was dismissed because no witnesses appeared, when in fact the case was dismissed because Defendant could not prove its case at trial.

42. On June 3, 2024, Plaintiff filed a motion to Correct the Docket entry to reflect that the case had been dismissed with prejudice.

43. On June 6, 2024, Defendant filed Opposition to Plaintiff's Cross-Motion. Defendant's Opposition to Plaintiff's Cross-Motion contained false, misleading and deceptive statements.

44. On June 7, 2024, the Court denied Defendant's Motion to Reinstate the Second State Court Action.

45. On June 7, 2024, the Court granted Plaintiff's Motion to Correct the Docket to properly Reflect that this Case was Dismissed with Prejudice.

46. When Defendant filed suit for the second time in the Second State Court Action, the applicable statute of limitations had already passed and the Debt was time-barred.

47. Since the statute of limitations had passed as to the Debt, Defendant was not entitled to file suit against Plaintiff to collect the Debt in the Second State Court

Action.

48. Further, there was no legal basis for Defendant to file the Second State Court Action in Middlesex County since Plaintiff neither resided there at the time the Second State Court Action was filed nor was the contract giving rise to the Debt entered into in Essex County.

49. Additionally, there was no legal or factual basis for Defendant to file a Motion to Reinstate the Case, since a trial had already taken place and the Court had dismissed the case with prejudice.

50. Defendant's filing of not one, but two lawsuits against Plaintiff, and then seeking to reinstate the second lawsuit after a trial had already taken place was unfair and unconscionable means to collect a debt.

51. As a result of the Defendants' conduct, Plaintiff suffered actual damages by suing Plaintiff for a time-barred debt, having to defend a frivolous motion to reinstate, and having to defendant the Second State Court Action in a County where Plaintiff did not reside at the time the lawsuit was filed or in a county where the contract giving rise to the Debt was signed.

52. Plaintiff's actual damages, included, but are not limited to, attorney's fees paid to defend the Second State Court Action in the wrong county, filing fees paid by Plaintiff to file an Answer in the Second State Court Action, loss of income as a result of taking a day off of work to be available for trial and emotional distress and suffering from Defendant's conduct. .

## POLICIES AND PRACTICES COMPLAINED OF

53. It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) By seeking to collect more money from Plaintiff than it was entitled.

(c) Using unfair or unconscionable means to collect or attempt to collect any debt, and

(d) Filing suit against Plaintiff in a county in which she did not reside at the time that the lawsuit was filed and in a county in which the agreement giving rise to the debt was not signed.

54. On information and belief, Defendants engaged in the type of violative conduct identified herein with respect to at least 30 natural persons in the State of New Jersey.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

55. Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length.

56. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

57. By filing collection lawsuits against consumers in improper venues and in engaging in other collection activity as set forth herein, Defendants violated:

A. 15 U.S.C. § 1692d, by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. § 1692e(2)(A), by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect

D. 15 U.S.C. § 1692e(2)(B), by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

E. 15 U.S.C. § 1692e(5), by taking or threatening to take any action that cannot be legally taken;

F. 15 U.S.C. § 1692e(10), by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt;

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect an amount that was not permitted by law, and;

I. 15 U.S.C. § 1692i(a)(2) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
January 11, 2025

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 11, 2025

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq